UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60431-CIV-COHN/SELTZER

GUCCI AMERICA, INC.,

    Plaintiff,

v.

BRANDBAGS588, et al.,

    Defendants.

_____/

### ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court on Plaintiff's Motion for Preliminary Injunction [DE 8] ("Motion"). The Court has carefully reviewed the Motion, the attached declarations and exhibits, and the record in this case. The Court also heard oral arguments from Plaintiff's counsel at a motion hearing earlier today. Although Defendants received notice of these proceedings, none of them responded to the Motion, nor did they appear at the preliminary-injunction hearing.

**I.    Background**

On March 4, 2015, Plaintiff Gucci America, Inc., ("Gucci") filed this action against several individuals, partnerships, and business associations. See generally DE 1 (Compl.). Gucci alleges that Defendants are selling goods bearing counterfeit and confusingly similar imitations of numerous Gucci trademarks (the "Gucci Marks"). See id. ¶¶ 15, 24. Gucci thus has asserted the following claims against Defendants: (1) counterfeiting and infringement under 15 U.S.C. § 1114; (2) false designation of origin under 15 U.S.C. § 1125(a); and (3) common-law unfair competition. See id. ¶¶ 37-55.

On March 11, 2015, Gucci filed an *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [DE 8].  The Court granted Gucci's request for a temporary restraining order ("TRO") on March 16, 2015.  See DE 12.  Based on strong evidence that Defendants are selling counterfeit and infringing versions of Gucci's trademarked goods, the Court found that Gucci had satisfied all four requirements for a TRO:  (1) a substantial likelihood of success on the merits; (2) that Gucci would suffer irreparable injury if a restraining order were not granted; (3) that the threatened injury to Gucci outweighed the harm the relief would cause to Defendants; and (4) that entry of the restraining order would serve the public interest.  See id. at 9-11; Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam).  Further, noting that Gucci may be entitled to equitable recovery of Defendants' illegal profits, see 15 U.S.C. § 1117(a), the Court found that a temporary asset freeze was appropriate because "Plaintiff has good cause to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of the Court unless those assets are restrained."  See DE 12 at 11.

The Court thus temporarily restrained Defendants and associated persons from using infringing versions of the Gucci Marks in connection with their products and Internet based e-commerce stores.  See DE 12 at 11-12.  The Court also directed iOffer, Inc., to identify the payment accounts associated with Defendants and further directed PayPal, Inc., ("PayPal") to restrain funds in payment accounts associated with Defendants and to transfer those funds to a holding account.  See id. at 12-14.  In addition, the Court required Gucci to post a bond of $10,000.00 and, after Defendants' PayPal accounts were restrained, to serve the Complaint, the Motion, and the TRO on

Defendants through their known e-mail addresses and via publication.  See id. at 15-16.[1]

In the TRO, the Court also set a hearing on Gucci's Motion for Preliminary Injunction.  See DE 12 at 16.  The Court directed Defendants to file any Response to the Motion no later than March 23, 2015.  See id.  The Court cautioned Defendants that "if they do not timely respond to Plaintiff's Motion for Preliminary Injunction and do not appear at the scheduled hearing, the Court may enter a preliminary injunction against them by default."  Id. at 17 (emphasis omitted).

As noted above, Defendants neither responded to the Motion nor appeared at today's hearing.  Before the hearing, Plaintiff identified three witnesses who had submitted written declarations in support of the Motion.  See DE 19.  Because Defendants did not appear at the hearing, however, Plaintiff relied on the witnesses' declarations in lieu of live testimony.

**II.    Discussion**

The preliminary injunction Gucci seeks would maintain the relief granted in the TRO until this case is decided on the merits.  The requirements for issuing a preliminary injunction are the same as those for entering a TRO.  See Schiavo, 403 F.3d at 1225–26 ("[T]he four factors to be considered in determining whether temporary restraining or preliminary injunctive relief is to be granted . . . are whether the movant has established:  (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury

---

[1] Gucci has complied with the bond and service requirements.  See DE 14 (Notice of Filing Bond); DE 15–17 (Certificates of Service).

outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest."). Because a preliminary injunction is "an extraordinary and drastic remedy," it may not be granted unless the moving party "clearly carries the burden of persuasion as to the four prerequisites." Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994) (internal quotation marks omitted); see McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Unlike a TRO, a preliminary injunction requires notice to the adverse party and a hearing. See Fed. R. Civ. P. 65(a).

Here, Gucci is substantially likely to succeed on the merits of its claims. Gucci has presented clear evidence that Defendants are selling goods bearing unauthorized, infringing copies of the Gucci Marks, thereby confusing the public about the origin of those goods. See 15 U.S.C. §§ 1114, 1125(a). Allowing Defendants to continue this illegal conduct would cause irreparable harm to Gucci by reducing sales of its genuine trademarked goods and by depriving it of the reputation and goodwill associated with those products. Further, because Defendants have no right to sell counterfeit and infringing goods, the balance of harms strongly favors Gucci. And halting Defendants' conduct—which involves the sale of illicit goods through unlawful means—serves the public interest. Gucci therefore has clearly proved all four requirements for a preliminary injunction. See Schiavo, 403 F.3d at 1225-26; Church, 30 F.3d at 1342.

Although Defendants have been given notice of the Motion and an opportunity to respond, they have made no effort to rebut Gucci's evidence warranting a preliminary injunction. The Court thus concludes that Gucci's Motion should be granted.

### III. Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Preliminary Injunction [DE 8] is **GRANTED**;

2. All provisions of the Court's Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order [DE 12], incorporated by reference in this Order, shall remain in effect while this case is pending or until the Court orders otherwise; and

3. Plaintiff shall promptly serve a copy of this Order on Defendants through the means specified in paragraph 14 of the Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of March, 2015.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF